[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 19, 2008
THOMAS K. KAHN
CLERK

No. 07-11230
Non-Argument Calendar
_____

Agency No. A78-611-445

LUISA GARCES,

                                                        Petitioner,

versus

U.S. ATTORNEY GENERAL,

                                                        Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

**(March 19, 2008)**

Before TJOFLAT, ANDERSON and HULL, Circuit Judges.

PER CURIAM:

Luisa Garces, through counsel, seeks review of the Board of Immigration Appeals' ("BIA") February 23, 2007, decision denying her December 18, 2006, "Motion to Reopen." On March 29, 2006, Garces appeared before an immigration judge ("IJ") who denied her application for asylum, withholding of removal, and relief pursuant to the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"). Garces appealed the IJ's decision to the BIA by filing a notice of appeal on April 18, 2006. The BIA issued a notice on April 18, 2006, rejecting Garces's appeal for failure to include the filing fee or a Fee Waiver Request form. The rejection notice stated that the this notice did not extend the strict 30-day time limit. It did state that any corrected appeal resubmitted after the 30-day period had to be filed within 15 days of this notice and should include a request that the Board accept the appeal by certification. Further, "[t]he Board will consider whether to certify each request in the exercise of discretion." Garces claims that, according to the envelope, the notice was not mailed until May 11, 2006. On May 22, 2006, Garces resubmitted the notice of appeal with the filing fee, which the BIA dismissed on September 14, 2006, for lack of jurisdiction because it was untimely.

About a month after the dismissal, on October 3, 2006, Garces filed a motion to reconsider, which the BIA rejected two days later because Garces's counsel had failed to attach a Notice of Entry of Appearance Form. On October

2

20, 2006, Garces filed an amended motion for reconsideration, in which she argued that she had only received the rejection notice on May 12, so the May 22 attempted refile fell within the 15 day requirement. She also argued that the BIA's acceptance of the filing fee cured the fee controversy and the notice of appeal was timely filed so there was jurisdiction. The BIA denied Garces's motion on November 29, 2006, because she presented "no error of law or fact in the Board's prior decision." Garces then filed the instant "Motion to Reopen," in which she argued that although the notice of rejection was dated April 18, it was not mailed until May 11, as evidenced by the envelope in which it came; she submitted the envelope in support of her motion. The BIA rejected this motion on February 23, 2007, as an impermissible second motion to reconsider. It held that insofar as the motion was a motion to reopen submitting new evidence, it was untimely because it was not filed within 90 days of the final administrative order in the case. It also rejected the envelope as new evidence because it had been available before and there was nothing to indicate that the envelope had once contained the notice.

On appeal, Garces argues that the BIA erred by determining that her appeal was untimely and refusing to recognize that the rejection notice was not mailed until May 11, 2006, which made her May 22, 2006, filing timely. She maintains that the BIA had before it irrefutable evidence that it did not mail the rejection notice until May 11, 2006, because it was sent by certified mail. Additionally,

3

Garces asserts that the BIA did not lack jurisdiction to consider the appeal because the appeal was filed, complete except for the filing fees, on April 18, 2006, within the 30-day time limit to appeal the IJ's oral decision, and we have rejected the theory that a case is not filed until the filing fee is submitted. Alternatively, Garces argues that, if the appeal was not filed within the 30-day time limit, the BIA forfeited the time requirement by granting her 15 days, starting on May 11, 2006, to submit the appeal and fee. She further contends that the BIA forfeited the time requirement when it accepted her filing fee. Garces did not challenge the BIA's determination that hers was an impermissible second motion to reconsider or that it was not a proper motion to reopen because the evidence was available previously.

We have held that, when an appellant does not argue an issue in her brief, the issue is abandoned. Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005). Additionally, a passing reference to an issue is insufficient to raise a claim for appeal, and we consider the issue abandoned. Greenbriar, Ltd. v. City of Alabaster, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989).

We review the BIA's denial of a motion to reopen or reconsider for an abuse of discretion. Assa'ad v. U.S. Att'y Gen., 332 F.3d 1321, 1341 (11th Cir. 2003); Al Najjar v. Ashcroft, 257 F.3d 1262, 1302 (11th Cir. 2001). Under INA § 242(b)(1), a petitioner has 30 days from the date of the final order of removal to seek review in this Court. 8 U.S.C. § 1252(b)(1); Dakane v. U.S. Att'y

4

Gen., 371 F.3d 771, 773 n.3 (11th Cir. 2004). An order of removal made by an IJ at the conclusion of proceedings becomes final upon dismissal of an appeal by the BIA. 8 C.F.R. § 1241.1(a). Importantly, the statutory time limit for filing a petition for review in an immigration proceeding is "mandatory and jurisdictional." Dakane, 371 F.3d at 773 n.3. Additionally, the filing deadline is not suspended or tolled by a motion to reconsider. Stone v. INS, 514 U.S. 386, 405, 115 S.Ct. 1537, 1549, 131 L.Ed.2d 465 (1995).

"A party may file only one motion to reconsider any given decision and may not seek reconsideration of a decision denying a previous motion to reconsider." 8 C.F.R. § 1003.2(b)(2). Under 8 C.F.R. § 1003.2(c)(1), "[a] motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." In explaining 8 C.F.R. § 1003.2(c)(1), we have stated that:

> [t]he provision is framed negatively, by directing the Board not to reopen unless certain showings are made. It does not affirmatively require the Board to reopen the proceedings under any particular condition. Thus, the regulations may be construed to provide the Board with discretion in determining under what circumstances proceedings should be reopened.

Al Najjar, 257 F.3d at 1301 (alterations, citations, and internal quotations omitted).

5

Here, all of the claims that Garces makes relate to the merits of her motion to reconsider. However, we do not have jurisdiction to review the BIA's September 14, 2006, decision because the regulations require her to appeal that decision to this Court within 30 days, which she did not. The same is true for the BIA's November 26, 2006, order. In the February 23, 2007, order, which we do have jurisdiction to hear, the BIA determined that her motion to reopen was either an impermissible second motion to reconsider or a deficient motion to reopen because the evidence was not new. She did not raise any challenge to those decisions so they are deemed abandoned.

**PETITION DENIED.**